McBride, judge,
delivered the opinion of the court.
At the July term 1847, of the criminal court of St. Louis county, the grand jury of said county found an indictment against Cyrenius C. Simmons, for a violation of the provisions of an act of the general assembly of this State, entitled “an act to sustain the credit of the State,” approved 16th February, 1847. The indictment charges that the defendant, late of &c.. &c., on the 1st day of March, 1847, and on divers other days and times between that day and the day of the finding of this indictment, with force, &c., at &c., he, the said defendant, being then and there, and on said other days and times a lawyer, following the practice of the law for a livelihood, unlawfully did then and there, and on said other days and times, as a lawyer as aforesaid, follow the practice of the law as a business, to wit: giving legal advice and counsel, instituting and prosecuting, managing and acting, arguing and defending lawsuits and causes and motions, for divers persons to the jurors aforesaid unknown, without then and there, and on said other days and times, having a license therefor, continuing in force contrary to the form of the statute, &c. The second count charges the same offence but with more particularity, and further charges the defendant with following the practice of the law as a business and for a livelihood.
To the foregoing indictment the defendant filed a special plea setting put that prior to the time laid in the indictment, he applied to and obtained from one of the judges of the circuit court of this State, a license to practice as an attorney and counsellor at law and solicitor in chancery,, in the several courts of record in this State, which said license was granted in pursuance to a statute of this State then and now in force : that his said license continues in force, and that by virtue *270 thereof he did the several acts charged against him, as he lawfully might do, &c. To this plea the circuit attorney demurred and the demurrer was sustained by the court. And the defendant not answering further to the indictment, the court assessed a fine against him and entered judgment thereon. The case is now before this court on writ of error.
The provisions of the statute supposed to be violated, are the seventh, eighth, ninth, and tenth sections, which provide as follows : “Every person or co-partnership of persons in this State, who shall follow the practice of the law for a livelihood in whole or in part, is hereby declared to be a lawyer. No person or co-partnership of persons shall follow the practice of the law in whole or in part, as a business, in this State, without first obtaining a license to follow such profession according to the provisions of this act; and every person or co-partnership of persons offending against the same shall forfeit to the State not less than fifty nor more than five hundred dollars for every such offence, to be recovered by indictment. Before any person or co-partnership of persons shall receive a license to practice law as herein provided, he or they shall deliver to the collector of the county, in which any such-person or persons may reside, a written statement, containing as near as may be, the amount of business done by such person or persons within the twelve months next preceding such application for license as required in the preceding section. The tax on every lawyer’s license shall be as follows : when the business done within twelve months next preceding the application for such license shall have, amounted to $50ft or less, the sum of $2 50,” &c.
The power of the general assembly of this State to levy taxes for the purposes of revenue is a general primitive power, coeval with the constitution and inseparable from the exercise of sovereignty. The only restrictions on this power contained in the constitution of this State, are “ that all property subject to taxation in this State, shall' be taxed in proportio,n to its value,” and that “ no tax shall be imposed on lands the property of the United States, nor shall lands belonging to persons residing out of the limits of this State ever be taxed higher than the lands , belonging to persons residing within the State.” Aside from the foregoing limitations and those contained in the seventh section of the first article of the constitution of the United States, the general assembly of this State have an unlimited power over the subject of taxation.
■The law imposing a tax upon lawyers, does not come within either *271 of the foregoing constitutional inhibitions, and consequently the legislature did not, in their enactment, violate either of these provisions.
Is the act of the general assembly, in question, retrospective in its operation by imposing a tax on that which was not made taxable at the time; or, in other words, does the act of 1847 operate upon the practice of the preceding year, which was done when no tax existed upon the subject, and thereby become retrospective within the meaning of the constitution ? If this were even the case, we are not prepared to say that the general assembly might not legitimately pass such an act; but as we understand the scope and purpose of the act, it is not subject to such objection. The object of referring to the amount of business done in the preceding year was to fix or regulate the tax for 1847; and was the only means by which any reliable data could be obtained of the extent of business which would probably be done in the course of the ensuing year. Our assessments are made in the spring of the year, and the collections in the succeeding fall; hence it would be impossible to fix a tax on the amount of business done, until the year after, otherwise than is done by the statute in question. But the constitutional prohibition last referred to, has no application to the subject of taxation.
Does the law in question impair the obligation of a contract ? Can the license to practice law, granted to an individual by a judge of the circuit court, under the law of the State, be construed to be a contract, vesting such individual with rights which the general assembly cannot interfere with ? We apprehend it is beyond the power of the most refined sophistry to establish such a proposition. A contract has been defined to be “ an agreement upon sufficient consideration to do or not to do a particular thing.” (2B1. Com. 446.) “ An agreement in which a party undertakes to do or not to do a particular thing.” (4 Wheat. 197,) a deliberate engagement between competent parties, upon a legal consideration, to do, or to abstain from doing some act. (Story on Con. 1.) None of the essential elements of a contract are to be found in the grant of license to practice law : there is no engagement between the State and the applicant for license that he will follow the practice of the law for a livelihood ; no legal consideration is paid the State for the license. The grant of the license is a mere naked grant of a privilege without consideration, and which the applicant may or may not, at his option, avail himself of. Therefore the State may revoke the privilege granted, or may impose such conditions upon its exercise as are deemed proper or demanded by the public interest.
The indictment in its description of the offence, follows the language *272 of the statute defining the offence, and is not therefore subject to the objection urged against it.
The other judges concurring, the judgment of the criminal court is affirmed.