# EX PARTE GREGORY YALE.

CONSTITUTION — CONSTRUCTION OF. — The terms " office," and " public trust," as used in section three, Article XI, in the Constitution of this State, have relation only to such duties and responsibilities as are of a public nature.

ATTORNEY AT LAW.—An attorney at law is not an officer, nor does he hold an " office " or " public trust," in the constitutional sense of those terms.

SAME—SUBJECT TO LEGISLATIVE CONTROL.—The manner, terms, and conditions of an attorney's admission to practice, and of his continuing in practice, as well as his powers, duties, and privileges, are subject to legislative control, the same as any other profession or business that is created or regulated by statute.

SAME — OATH OF.—The Legislature may lawfully require, as a condition precedent to an attorney's admission to practice, or his continuance in practice, the taking of

the oath prescribed in the Act of April 25th, 1863, entitled "An Act to exclude traitors and alien enemies from the Courts of justice in civil cases." (*Cohen* v. *Wright*, 22 Cal. 293, affirmed.)

The facts are stated in the opinion of the Court.

By the Court, RHODES, J.

Gregory Yale, the attorney for the appellants in the case of *Lent* v. *Morrill et al.*, now pending in this Court, filed a motion in writing to submit the said case to the Court on the briefs on file, which motion is as follows:

"*Lent* v. *Morrill et al.*— SUPREME COURT, January Term, 1864.—Gregory Yale, an attorney of this Court, having been admitted as an attorney and counsellor of this Court since its organization under the Constitution of the State, and having taken the oath to support the Constitution of the United States and of the State of California, and otherwise conformed to the rules of this Court as an attorney, now moves the Court to submit the case to the Court on the briefs on file, by consent of the attorney for the respondent.

"GREGORY YALE, for Appellants.

"Sacramento, February 11, 1864."

Whereupon, John F. Swift, one of the attorneys for the respondent, made and filed his objection in writing to the appearance of said Gregory Yale as an attorney at law, which objection is as follows:

"Gregory Yale, not having taken the oath prescribed by the Act of the Legislature, approved April 25, 1863, entitled 'An Act to exclude traitors and alien enemies from the Courts of justice in civil cases,' as an attorney has no right to appear in the above entitled cause, for the purpose of said motion, and I object to his appearance in the capacity of attorney until he takes the said oath.

"JOHN F. SWIFT, for Respondent."

Yale appeared in person, and having admitted he had not

taken the oath prescribed by said Act of the Legislature to be taken by attorneys at law, contended that the Act referred to in the objection interposed by Swift was unconstitutional, and, therefore, void.

The questions arising upon this proceeding were fully argued, both orally and in briefs, before the Supreme Court in the case of *Cohen* v. *Wright*, 22 Cal. 293, and though a very elaborate opinion was rendered by Mr. Justice Crocker, which was concurred in upon the most material points by Mr. Justice Norton, it was considered proper to permit the questions to be again argued upon the motion and objection in writing, as there was no record in this Court of the motion or proceeding upon which the opinion in the case of *Cohen* v. *Wright* was rendered.

No brief has been filed by Gregory Yale, or by the Attorney-General, who appeared in support of the objection of Swift, and it is not deemed necessary to discuss in detail the several propositions urged in argument, but it will be sufficient to announce the conclusions of the Court upon those propositions that are decisive of the question as to the constitutionality of the Act referred to, so far as the same relates to attorneys at law.

The term "office" and "public trust," as used in section 3, Article XI, of the State Constitution, are nearly synonymous —at least the term "public trust" is included in the more comprehensive term "office." Those duties and responsibilities of a public character that are temporarily or specially devolved upon persons, may be more appropriately denominated public trusts than offices; yet the persons discharging such duties or assuming those responsibilities are officers. The form of the oath prescribed by the Constitution, as the only oath to be taken by officers and persons executing public trusts, the last part of which is: "That I will faithfully discharge the duties of the office of—— according to the best of my ability," clearly indicates, that the person who executes a public trust, was deemed by the Constitution to be an officer.

The terms "office," "office and public trust," as employed

in the Constitution, have relation only to those persons and duties that are of a public nature. This subject was ably considered by the Supreme Court of New York, (in the matter of oaths to be taken by attorneys and counsellors, 20 John. 492,) in which a question arose whether the Act to suppress duelling, passed in 1816, had been repealed by the Constitution adopted in 1821. The oath required by that Constitution was in every essential particular the same as that in ours, and was prescribed for the same class of officers. The Act to suppress duelling required every officer, (with certain exceptions,) and every person who should be admitted as a counsellor, attorney, or solicitor, to take the oath that he had not been engaged in a duel, etc. Mr. Justice Platt, in that case, says : " The point is simply whether an attorney or counsellor holds an office or public trust, in the sense of the Constitution. * * * In my judgment, an attorney or counsellor does not hold an office, but exercises a privilege or franchise. As attorneys or counsellors they perform no duties on behalf of the Government—they execute no public trust."

An officer, as defined by Webster, is " a person commissioned to perform any public duty." An attorney at law is not such an officer ; and, in our opinion, he is not an officer in the constitutional sense of the term, and does not hold a public trust. . On this point we fully concur with Justices Crocker and Norton, in *Cohen* v. *Wright.*

The manner, terms, and conditions of their admission to practice, and of their continuing in practice, as well as their powers, duties and privileges, are proper subjects of legislative control to the same extent and subject to the same limitations as in the case of any other profession or business that is created or regulated by statute.

It is held by this Court in *People* v. *Coleman,* 4 Cal. 46, and confirmed in many subsequent cases, that "the Constitution of this State is not to be considered as a grant of power, but rather as a restriction upon the power of the Legislature ; and that it is competent for the Legislature to exercise all powers not forbidden by the Constitution of the State, or delegated

to the General Government, or prohibited by the Constitution of the United States." There is no provision of the Constitution directly restricting the Legislature from exercising plenary control over the qualifications, admission, oath, or duties of attorneys at law, and in our opinion no such restriction arises by implication; and it therefore follows that the Legislature may lawfully require, as a condition to their admission to practice, or their continuance in practice, the taking of the oath prescribed in the Act under consideration, or, at their pleasure, may dispense with all conditions and oaths.

It is therefore ordered that the said objection of the said Swift be sustained, and that the said Gregory Yale be not permitted to practice in this Court as an attorney at law until he shall have taken and filed in the office of the County Clerk of the county in which he resides, the oath prescribed for attorneys at law in the above mentioned Act.