No. 1983.—STATE OF LOUISIANA *v.* FRANK KING.

A State tax collector is competent to sue for and recover in the name of the State any tax or license due by a tax payer.

The act of the Legislature of 1865 imposing a license tax on attorneys at law is equal and uniform on all persons engaged in the practice of the profession, and is therefore not in conflict with article 124 of the Constitution of 1864; nor with article 118 of the Constitution of 1868.

The State, having authorized the issuing of a license to a party to practice law, is not thereby precluded from taxing such party annually for pursuing the profession within the State

APPEAL from First Justice's Court, parish of Orleans. *Sadler,* J. *H. C. Dibble,* for plaintiff, *King & Labatt,* for defendant.

WYLY, J. The State Tax Collector has instituted this suit to recover of the defendant the sum of fifty dollars claimed as his license for practicing law for the year 186?.

There was judgment in favor of the plaintiff, and the defendant has appealed. The defendant basis his defense upon the following grounds in his peremptory exception:

*First*—Because this action has been instituted by the State Tax Collector who is without authority in law to do so, the Attorney General and the District Attorney being the only persons authorized to institute suits in the name of the State.

*Second*—Because there is no law of the State of Louisiana imposing a tax or license on defendant's occupation, the act approved fourth of April, 1865, being contrary to article 124 of the Constitution of 1864, and article 118 of the Constitution of 1868, and therefore null and void.

*Third*—Because attorneys at law are licensed by the courts under a general law of the State and can have no restrictions imposed upon the exercise of their profession except as provided by law for some violation of professional duty. That as attorney at law he has a vested right in his profession, and the license originally granted to him is evidence of it; that this right cannot be divested except by due process of law, and any attempt by the State to impose a license or onerous condition upon him for pursuing his profession is contrary to the constitution of the United States and of this State.

Defendant further pleads in reconvention the sum of fifty dollars, which he alleges the State illegally and unconstitutionally collected from him for the year 1867, for an alleged license for practicing his profession that year.

There is no contest as to facts, the defendant being admitted to be a practicing attorney of this State who has refused to pay his license for 1868.

The constitutional and legal questions presented by the defendant are neither new nor difficult of solution. They have all been investigated heretofore by this court, and we regard the jurisprudence of the State well settled on the points presented in this case.

26

*First*—The first ground of exception, that the tax collector cannot sue in the name of the State is not tenable. In the case of the State through Thomas Askew, State Tax Collector, *v.* the Southern Steamship Company, 13 A. 497, this court said: "It appears to us that the right to collect the taxes presupposes a right to stand in judgment in suits of injunction, and even to institute an action in the name of the State wherever the taxes cannot be otherwise collected. It is true that the law has indicated a more summary proceeding than suit for the collection of the taxes; still as the sheriff is charged with their collection, for which he is compelled to give bond, we can see no sufficient reason why he should not be permitted to use the name of his principal in a direct action, instead of seizing property, if it is evident that the seizure will occasion an injunction or necessary delay. It does not lie in the mouth of a defendant to question the right to sue, when he admits the propriety of the same by the issue he tenders, and a denial of the State to recover."

*Second*—The second ground of exception, that there is no law authorizing the collection of the license claimed of defendant, the act approved fourth April, 1865, being contrary to act 124 of the Constitution of 1864 and article 118 of the Constitution of 1868, is also untenable. We think the sixth section of the act approved fourth April, 1865, does impose a license upon defendant's occupation, and that in doing so it does not violate article 124 of the Constitution of 1864, and article 118 of the Constitution of 1868. We had occasion to review this point fully in the case of the State of Louisiana *v.* J. Volkman, lately decided, and for the reasons therein assigned we are of opinion that the act imposing the license upon defendant's profession or pursuit is not unconstitutional. The license is equal and uniform-upon all persons pursuing the occupation of attorney at law.

*Third*—The third ground of exception, that the defendant should not pay a tax or license for pursuing the occupation of attorney at law because he is licensed by the courts of the State to practice, and because it divests his vested rights, etc., is also invalid.

This point has been frequently determined by this court adversely to the defendant, and is no longer an open question. In the case of the State *v.* Rufus Waples, 12 A. 243 this court said· "The argument that the permission or license to practice law is a contract between the State and the attorney at law which shields him from taxation, and which cannot be regulated in any manner during his lifetime by the Legislature, merits no serious reply."

The reconventional demand set up by the defendant for the amount of his license paid in 1867 does not merit a discussion.

It is therefore ordered that the judgment appealed from be affirmed with costs.