CITY OF ST. LOUIS, Respondent, *v.* HENRY D. LAUGHLIN, Appellant.

1. *Revenue — Power of taxation may be delegated — Language used must be concise.—* The power of the State to tax all professions is unquestioned; and the State may delegate the authority, but the delegation should be made in clear and unambiguous terms.
2. *Statute, construction of — General and particular words — Rule as to. —* It is an established rule of construction, where general words follow particular ones, to construe the power as applicable to the things or persons particularly mentioned.
3. *Attorneys at law—License tax invalid — Charter—Rule* ejusdem generis.— The charter of the city of St. Louis, approved March 4, 1870, provided (art. III, § 9) that the mayor and city council should have power to license "auctioneers, grocers, merchants, retailers, hotels, * * * hackney carriages, omnibuses, carts, drays and other vehicles, and all other business, trades, avocations or professions whatever." The profession of "law" was not specifically enumerated in the section. *Held,* that under said provision the city council of St. Louis had no power to pass an ordinance levying a tax on attorneys at law. The rule is, where general words follow particular ones, to construe them as applicable only to persons or things of the same general character or class. And in the case mentioned, the profession of law was not *ejusdem generis,* and could not be embraced in the purview of the act.

*Appeal from St. Louis Circuit Court.*

*R. E. Rombauer,* for appellant.

I. Corporate powers, especially the power of taxation, will be strictly construed, and cannot be claimed unless clearly within the limits of the charter; any doubt or ambiguity must be resolved against the corporation and in favor of the public. (Cool. Const. Lim. 195; Clark v. Davenport, 14 Iowa, 495, 500; Savannah v. Hartridge, 8 Ga. 23; Beatty v. Knowles' Lessee, 4 Pet. 152; Minturn v. Larue, 23 How. 435; Grand Rapids v. Hughes, 15 Mich. 54; Sprague v. Birdsall, 2 Cow. 419.)

II. The general clause "and all other business, trades, avocations or professions whatever," following the special enumeration, must be construed as applicable to the persons particularly mentioned, and persons *ejusdem generis.* (Sedgw. Stat. and Const. Law, 423; Sandiman v. Breach, 7 B. & C. 99, 100;

Kitchen v. Shaw, 1 Nev. & P. 794–5; Reed v. Ingram, 3 Ell. & Bl. 900; United States v. Irvin, 5 McLean, 179; Chapman v. Forsyth, 2 How. 202; Peate v. Dicken, 1 Crompt., M. & R. 147.)

III. In ascertaining the intention of the law-givers, the fact that obscure professions, numbering but a few members, are expressly selected for taxation, while the profession of lawyers— a profession, as the agreed case finds, very numerous and well known — is omitted, ought of itself be deemed as controlling.

*E. P. McCarty*, for respondent.

I. There is but one question in this case, namely, whether the ninth paragraph of article III of the city charter confers upon the city of St. Louis power to tax the profession or calling of lawyers residing and practicing within its limits. (Sess. Acts 1870, p. 464, par. 9.) It is admitted by the agreed case that the profession as followed by appellant is a "business profession," and respondent submits that by the above act the Legislature meant to confer the power to tax all such — that is, all "business professions whatever." This is the language of the act, the fair, natural meaning of the words used; and this, when unambiguous — and there is no ambiguity here — is the absolute guide to the legislative intent. (54 Penn. St. 86, 180; Broom's Leg. Max. 503.)

II. Any construction which does not interpret the act as meaning a grant of the power of taxation, not only over the subject-matters of the special enumerations, but over such other professions, avocations or callings as are distinctly "business professions," "business avocations," etc., fails to give effect to the entire language used. For it is noticeable that the word "business" is used adjectively as describing the professions, etc., other than those enumerated, that may be taxed. The interpretation contended for by respondent would be to give the same effect to this paragraph, and that only, that it would have if this adjective were stricken out. It renders a potential qualifying term unmeaning. I submit that no word can be construed as unmeaning and surplusage, if a construction can be legitimately found

City of St. Louis v. Laughlin.

which will give force to and preserve all the words of the statute:. Effect must be given to the entire language used. (Leversee v.. Reynolds, 13 Iowa, 310 ; Rawson v. State, 19 Conn. 299.).

III. A comparison of this act with the former charter shows the object of the section to be the increase of the subject-matters of taxation for municipal purposes, and the construction must be with reference to and in furtherance of this object. (The People v. Dana, 26 Cal. 11.) Nor is there anything in the rules invoked by appellant — namely, that corporate grants should be strictly construed, and that general words following specific enumerations are to be construed as applicable to the persons mentioned and persons *ejusdem generis* — that properly applied changes the interpretation of the section in controversy.

IV. There is no material difference between corporate grants and other statutes, in the principles of construction, as to the intent of the Legislature. (United States v. Winn, 3 Sumn. 211 ;. Foster v. Blount, 18 Ala. 689 ; 1 Gallis, 117; 19 Conn. 299.)

V. The doctrine of *ejusdem generis,* or *noscitur a sociis,* is applicable only where not only there are general words following special enumerations, but also where there is no language in the statute indicating the use of the general words with reference to any thought other than that contained in the preceding special words. (Littlefield v. Winslow, 19 Me. 394 ; Foster v. Blount,. 18 Ala. 689 ; Grumley v. Webb, 44 Mo. 458.) In the case at bar, the Legislature, after passing from the special enumerations by using the word "business" as an adjective, introduces itself a qualification of the. general words, and thus negatives the presumption that the general words were used with reference only to the preceding special enumerations.

VI. Even if it be assumed that these concluding general words are applicable only to persons *ejusdem generis,* as those specially enumerated, the result of this case is not altered. The special enumeration covers the most opposite callings. Nothing can be affirmed as common or generic to all or a majority of the special enumerations, except it be that they in each case constitute a distinctively "business trade," or "business profession," as distinguished from officers, judges, ministers or laborers, and.

the like. The reason of the rule that limits the scope of general words in such cases, limits them only by the generic idea that runs through the enumerations. The application of the rule in most if not all of the adjudications is to cases where the enumerations belong to some general class, where something can be affirmed as common to all, and thus showing the mind to have been occupied with this generic idea. The subsequent sweeping terms are simply presumed (nothing contrary appearing in the language used) to have been used with reference to the same general thought, as in Chapman v. Forsyth, 2 How., U. S., 208; 13 N. Y. 228; 2 B. & A. 596; 3 Ell. & Bl. 898; 9 Wall. 343.

WAGNER, Judge, delivered the opinion of the court.

This case comes here for review on an appeal from the Criminal Court, where the defendant was found guilty and a fine was assessed against him. The facts in the case are agreed upon, and by them it appears that the defendant is a practicing lawyer in the city of St. Louis, and that, while practicing his profession, he neglected and refused to pay a license tax imposed by an ordinance of the city upon all lawyers before they were allowed to practice or engage in their professional business.

There is but one question presented by the record, and that is whether the city possessed the authority to pass the ordinance compelling lawyers to pay the tax before they could pursue their professional employments. Unless there is a legislative grant in the city charter conferring the power, it does not exist; for, with the exception of certain incidental powers which are necessary to carry out express grants, the charter itself must furnish the measure of authority to be exercised. The power of the State to tax all professions is unquestioned (State v. Simmons, 12 Mo. 271), and the State might delegate the authority, but it should be done in clear and unambiguous terms.

The charter under which the city authorities proceeded in imposing the tax, provides as follows: "The mayor and city council shall have power within the city, by ordinance not inconsistent with any law of this State, to license, tax and regulate auctioneers, grocers, merchants, retailers, hotels, boarding-houses, ten-

ement-houses, office buildings, public halls, public grounds, concerts, photographers, artists, agents, porters, runners, drummers, public lecturers, public meetings and shows, real estate agents and brokers, horse and cattle dealers, beer-houses, patent-right dealers, inspectors and gaugers, stock-yard proprietors, examiners of titles, conveyancers, mercantile agents, insurance companies, banking or other corporations or institutions, street railroad cars, hackney carriages, omnibuses, carts, drays and all other vehicles, and all other business, trades, avocations or professions whatever."

It is claimed that under the concluding clause, which gives the power to tax " all other business, trades, avocations or professions," the city had full authority to pass the ordinance in question, and that the tax therein levied is valid.

It is an established principle of construction that where general words follow particular ones, the rule is to construe the former as applicable to the things ·or persons particularly mentioned. (Sedgw. Stat. and Const. Law, 423; Grumley v. Webb, 44 Mo. 444.)

By this is meant simply that the law should be construed according to the apparent intention of the Legislature, to be gathered from the language used connected with the subject of legislation, so that its terms shall not be extended by implication beyond the legitimate scope or import of the words used. Sandiman v. Beach, 17 Barn. & Cress. 96, illustrates this doctrine, and, moreover, is a case in point here. In that case the action was *assumpsit* to recover the expense of hiring a post-chaise to convey the plaintiff to a certain place, the defendant who had contracted to take him in his stage-coach having failed to do so. For the defendant it was contended that the contract was illegal and against the statute, because it was to be performed on the Sabbath. But Lord Tenderden, C. J., in delivering the unanimous opinion of the Queen's Bench said : " It was objected that the plaintiff in this case could not recover because the contract, for the breach of which the action was brought, was to have been performed on the Sabbath day, and that it could not legally be performed on that day. But, upon looking into the statute (3

Car. 1, c. 1, and 29 Car. 2, c. 7), upon which the objection was founded, we are of the opinion that this case does not come within them. * * * By the first of these, the 3 Car. 1, c. 1, it was enacted that 'no carrier, with any horse, nor wagonman, with any wagon, nor cartman, with any cart, nor wainman, with any wain, nor drover, with any cattle, shall, by themselves or any other, travel on the Lord's day;' and by the 29 Car. 2, c. 7, that 'no tradesman, artificer, workman, laborer, or other person or persons, shall do or exercise any worldly labor, business or work of their ordinary callings, upon the Lord's day.' It was contended that under the words 'other person or persons' the drivers of stage-coaches are included. But where general words follow particular ones, the rule is to construe them as applicable to persons *ejus-dem generis.* Considering, then, that in the 3 Car. 1, c. 1, carriers of a certain description are mentioned, and that in the 29 Car. 2, c. 7, drovers, horse-courses, wagoners and travelers of certain descriptions are specifically mentioned, we think that the words 'other person or persons' cannot have been used in a sense large enough to include the owner and driver of a stage-coach."

In the present case the charter specifically enumerates the classes of persons intended to be taxed, and the sweeping words " all other business, trades, avocations or professions," we do not think can be made to include persons not of the same generic character or class. In specifying and enumerating the trades and professions to be taxed, it was intended to limit the taxation to them or to persons engaged in similar trades or occupations. If it had been designed to tax lawyers, which, as the agreed case finds, number over three hundred in this city, it is unaccountable that they should have been omitted in the enumeration, whilst other professions comprehending but a few persons are expressly referred to and selected. To give the words " all other business, trades, avocations or professions " the meaning contended for would give the city the power of taxation by license over nearly every laborer. I am of the opinion that the Legislature had no such intention in view.

The judgment will therefore be reversed. The other judges concur.