THE MAYOR AND ALDERMEN OF SAVANNAH, plaintiff in error, *vs.* JAMES K. HINES *et al.*, defendants in error.

1. By the 2d section of the general tax act of 1874, a specific tax of $10 00 was imposed upon every practitioner of law, medicine and dentistry. By the 11th section it was provided that no assessment should be made for corporation or county purposes on such specific taxes. The mayor and aldermen of Savannah imposed a tax of $25 00 on every person or firm transacting the business of the law: *Held*, that such tax was legal. It was not an assessment upon the specific tax imposed by the state, but it was a tax imposed upon the business of the law, as authorized by the charter of the corporation.
2. That section of the ordinance which requires that a firm shall pay but one tax is right in principle, and would be unjust and unequal if each partner was to be taxed separately.

Tax. Partnership. Before Judge TOMPKINS. Chatham County. At Chambers. March 9th, 1875.

For the facts of this case, see the decision.

JACKSON, LAWTON & BASINGER, for plaintiff in error.

A. B. SMITH, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendant, praying for an injunction to restrain it from the collection of a tax of $25 00 which the defendant, by an ordinance, had imposed on every lawyer in the city of Savannah, for municipal purposes. The presiding judge granted the injunction prayed for, and the defendant excepted.

1. By the 4847th section of the Code, the Mayor and Alderman of the city of Savannah, have full power and author-

ty, to make such assessments and lay such taxes on the inhabitants of said city, who transact or offer to transact business therein, as said corporate authorities may deem expedient for the safety, benefit, convenience, and advantage of said city. On the 30th day of December, 1874, the mayor and aldermen of said city passed a general ordinance to assess and levy taxes for the year 1875, to raise revenue for the city, on the inhabitants thereof, including those who held taxable property therein, and those who transact or offer to transact *business* therein, by the 6th section of which ordinance it is declared that every person and corporation transacting, or offering to transact, either of the kinds of *business* hereinafter mentioned shall pay the tax hereinafter prescribed, to-wit : " Every lawyer, physician and dentist, $25 00." The 15th section of the ordinance declares that a " a firm or copartnership of persons carrying on business jointly in the same establishment, and *bona fide* as partners, shall not be compelled to pay more than one tax for the business of one establishment." By the 2d section of the act of the general assembly of 1874, a *specific* tax of $10 00, was levied upon every practitioner of law, medicine and dentistry. By the 11th section of that act it is declared "that no assessment shall be made for corporation or county purposes, on the *specific* taxes herein imposed on practitioners of law, medicine, dentistry, and photography : *Provided*, this section shall apply to all who practice and charge for the same." The tax complained of is not a tax assessed by the defendant as a corporation on the *specific* tax of $10 00 imposed by the state, on lawyers, and does not purport to be such a tax, but it is a tax imposed by the defendant as a corporation on the *business* of the complainants transacted within the corporate limits of the city, as authorized by the 4847th section of the Code before cited. The specified authority granted to the defendant as a corporation to levy a tax on *business* transacted in the city, was not repealed, nor intended to be repealed, by the general law of 1874, which only prohibited corporations and counties from assessing a tax on the *specific* tax of $10 00 imposed by the

state, for corporation or county purposes; that is to say, the intention of the act of 1874 was to declare that no corporation, or county, should assess a tax of twenty-five per cent. or other rate, on the *specific* tax of $10 00, for corporation or county purposes, leaving the defendant, as a corporation, to tax *business* transacted within its limits under its special grant for the purpose as it theretofore had done; that was all the act of 1874 intended to do, and that was all that it did do. If *the business* of the complainants is not sufficient to authorize them to pay the tax of $25 00 imposed thereon by the ordinance of the city, they are not compelled to transact or offer to transact *that business* within the limits of the corporation, but if they do, then they are bound as law-abiding citizens to pay it.

2. That section of the ordinance which requires that a firm or copartnership carrying on business jointly in the same establishment as partners shall pay but one tax on that business, is right in principle, but would be wrong, unjust, and unequal, if each partner was to be taxed separately on the business of the copartnership. The injunction in this case, to restrain the collection of the tax, was granted without authority of law, and in violation of the law.

Let the judgment of the court below be reversed.