CITY OF ST. LOUIS, Respondent, *v.* JAMES WOODRUFF,
Appellant.

June 12, 1877.

Ordinance 9780 of the city of St. Louis, applies to all vehicles which, by
the manner of their employment, make the use of the streets of the
city a direct source of profit or revenue to their owners, and a street-
sprinkling cart is one of the vehicles required to pay a license under that
ordinance.

APPEAL from St. Louis Court of Criminal Correction.
*Affirmed.*

EDMUND T. ALLEN, for appellant, cited: *City of St.
Louis* v. *Laughlin,* 49 Mo. 559; *City of St. Louis* v.
*Grone,* 46 Mo. 574; 8 Kan. 82; 8 Ga. 23; 38 Ala. 156.

T. J. CORNELIUS, for respondent, cited: *Glasgow* v.
*Rowse,* 43 Mo. 479; *City of St. Louis* v. *Grone,* 46 Mo.
574.

LEWIS, P. J., delivered the opinion of the court.

The defendant was convicted and fined $10, in the St.
Louis Police Court, for pursuing his avocation as a driver
of a street-sprinkling cart without having first obtained a
license therefor under the city ordinance. He appealed to
the Court of Criminal Correction, where a like judgment
was rendered. The only question to be here determined is
whether a street-sprinkling cart is one of the vehicles for the
use of which a license is required.

The 1st section of Ordinance 9780 provides that "there
shall be annually levied and collected a license-tax upon all
public vehicles using the streets of the city for trade or
traffic, or for any other purpose," etc. The ordinance pro-
ceeds to classify the vehicles, mentioning such as are ordi-
narily used for transportation of passengers or merchandise,
and fixing the tax for each sort, and continues: "On each
two-horse wagon, nct before mentioned, ten dollars."

Here follow provisions for enforcing the ordinance by penalties.

In *City of St. Louis* v. *Grone*, 46 Mo. 574, the question was whether a manufacturer's wagon, used exclusively for the delivery of his manufactured articles to customers, was within the charter authority " to license, tax, and regulate horse-railroads," *. * * " hackney carriages, omnibuses, carts, drays, and other vehicles, and fix the rates to be charged for the carriage of persons," etc. It was held not to be included. Said Judge Wagner : " The whole context of this grant of power shows that it was intended to apply to a class who transact business for the public, and hold themselves out to the community as seeking general employment." To this we might add that the application of the power seems intended to reach those whose use of the streets in transportation, etc., is made a direct source of business emolument. The manufacturer or merchant who keeps a wagon for deliveries to his customers derives his profits from his sales, and adds the transportation merely by way of accommodation to purchasers and inducement to an increase of patronage. The street, which incidentally serves his convenience, as it does that of the merchant who goes through it to his counting-room, is not an elemental agency in his trade or traffic. This has an established locality elsewhere. But with the hackman or carman, who deals in transportation as a commodity offered to the public at large for direct compensation, the use of the street is an implement, so to speak, of his trade. Whoever pursues any such occupation brings himself within the language and meaning of the ordinance. He has a " public vehicle, using the streets of the city for trade or traffic." A street-sprinkling cart, as commonly used, is within the description. The owner or driver offers to the public at large, for direct compensation, the transportation of water and the delivery thereof by sprinkling, wherever demanded and agreed upon. This is his trade or traffic, and he uses the

streets of the city as one of the essential and immediate agencies for its prosecution. Such a use of the public streets, even aside from literal interpretation, clearly makes him a proper object of the police regulation which, as Judge Wagner further says, " is of admitted utility and convenience, and promotes uniformity and prevents extortion."

We are referred to *City of St. Louis* v. *Laughlin*, 49 Mo. 559, where, under a charter authority to " license, tax, and regulate auctioneers, grocers, merchants," and a large additional number of persons and avocations, concluding with the words, " and all other business, trades, avocations, or professions whatever," it was held that lawyers were not included, because of the rule that, where general words follow particular ones, they must be construed as applicable to persons or subjects *ejusdem generis*. The structure of the sentence in that provision hardly furnishes a parallel with any thing in the ordinance before us. But if the parallel were perfect, the application would fail; since, as we have shown, the use of the street-sprinkling cart as a means of public accommodation and trade is, in all particulars pertinent to this enquiry, of the same generic character or class with the objects of the tax which are specifically mentioned. That the ordinance intends to cover something more than the objects specially named is manifest from the words, " each two-horse wagon not before mentioned."

This interpretation of the ordinance is pointedly verified by the 18th section, which provides that " all vehicles used for the transportation of property whereon a charge is made, either directly or indirectly, or pay received for such transportation by the owner or driver, shall be deemed to be hired out, and shall be subject to license accordingly." The framers of the ordinance, it would appear, were determined to cover every public or general use of the streets whereby the person using them should seek to make a pecuniary profit.

In the 19th section it is provided that "all drivers of vehicles shall be subject to the penalties mentioned in this article, as though they were the owners of the vehicles."

Our interpretation of the ordinance is, for the purposes of this case, alike applicable to the charter provision which empowers the mayor and city council "to license, tax, and regulate street-railroad cars, hackney carriages, omnibuses, carts, drays, and other vehicles."

We find no error in the record. All the judges concurring, the judgment is affirmed.