ROBERT S. LANIER, plaintiff in error, *vs.*, THE MAYOR AND COUNCIL OF THE CITY MACON, defendant in error.

1. "Professions" in a power to lay taxes, is to be understood as in cluding lawyers, unless the contrary plainly appears.
2. Authority to tax all persons exercising any profession, may be executed by taxing each member of a law firm, separately. The member cannot require that the firm shall be taxed and not himself, though he does not practice otherwise than as a partner. ·

Injunction. Tax. Attorneys at law. Partneship. Before Judge GRICE. Bibb county. At Chambers. October 9, 1877.

Reported in the opinion.

LANIER & ANDERSON, HILL & HARRIS, for plaintiff in error.

R. W. JEMISON, for defendant.

BLECKLEY, Judge.

Injunction was applied for by an attorney at law, exercising his profession within the city of Macon, to restrain the collection of a municipal tax, levied by the city ordinance upon his avocation or business. The injunction was refused.

The charter authority, under which the tax was imposed, is found in the acts of 1871-2, p. 120, and reads thus: "They shall have power to levy and collect a tax upon factors, brokers and venders of lottery tickets, upon agents or managers of gift enterprises, and upon all other persons exercising within the city any profession, trade or calling of any nature, whatever; provided further, that the tax upon professions shall in no case exceed the sum of ten dollars upon each person exercising such profession." The case turns on the construction of this authority, and upon its application to the complainant's situation, he being a member of a law firm or co-partnership, consisting of four members, and not otherwise engaged in the practice of law.

1. First, it is contended that the rule, *ejudem generis*, forbids the inclusion of lawyers, in the construction of this power to tax—that all the avocations specifically enumerated in the statute are different in nature from the practice of law. That rule is designed to aid in arriving at the legislative intent, and not to furnish a pretext for ignoring or evading it. As the word profession has long been used and understood in Georgia, its application to lawyers and physicians is instantly recognized and clearly comprehended, To suppose it used with any reference to factors, brokers. venders of lottery tickets, and agents or managers of gift enterprises, would be doing unheard-of violence. We are not aware that these classes have ever, any where or by any body, been called professional persons, or considered as exercising a profession. On the other hand, there is no possible room for doubt that, in the statute before us, the legis-

lative purpose was to use the word in its ordinary acceptation.

2. The limit in the charter is ten dollars " upon each person exercising such profession." That limit has not been exceeded. We do not perceive that it is any departure from the power conferred, to lay the tax upon each member of the firm. If the tax were upon the firm, it ought to be four times as much, as the firm consists of four members. For the nature and objects of a law partnership, see 34 *Ga.*, 388. In 53 *Ga.*, 616, the ordinance taxed the firm, and that constitutes the difference between that case and the present. The injunction was properly refused.

Cited for complainant, Cooley on Taxation, 209, 387, 389, *note* 1; 2 Dill. on M. C., §605, *et seq ;* 49 Mo., 559; 8 *Ga.*, 23; 53 *Ib.*, 616; Code, §3210. For defendant, 36 *Ga.*, 460; 53 *Ib.*, 616; 54 *Ib.*, 645; 53 *Ib.*, 410.

Judgment affirmed.