Marquis v. City of Chicago.

---

## Frank Marquis
### v.
## City of Chicago.

*Penal Statutes—Construction—Ordinance.*

Where general words in a penal statute follow an enumeration of partic-
ular cases, such words are held to apply only to cases of the same kind as
those expressly mentioned.

[Opinion filed September 18, 1888.]

APPEAL from the Criminal Court of Cook County; the Hon.
ARBA N. WATERMAN, Judge, presiding.

Messrs. CONDEE & ROSE, for appellant.

Penal statutes must be construed strictly. People v. Pea-
cock, 98 Ill. 172.

In construing statutes, particularly those requiring a strict
construction, it is a universal rule that general words follow-
ing a specified enumeration of objects or things, will be held
to include only such things or objects as are of the same kind
as those specifically enumerated. Potter's Dwarris, 247, 248;
In re Swigert, 119 Ill. 89; Shirk v. People, 121 Ill. 61; City
of St. Louis v. Laughlin, 49 Mo. 559; King v. The Inhabitants
of Whitnash, 7 Barn. & C. 596; Sandiman v. Breach, 14
Eng. Com. Law, 52.

Mr. BENJ. L. RICHOLSON, for appellee.

In modern times, and especially in later years, the strong
tendency of all our courts has been to hold that strict con-
struction of penal statutes means that the statute shall not be
extended beyond the letter to cases within the "equity of the
act." The rule in this country is that courts will not extend
such statutes so as to include the "equity," or spirit of the
act, but they will not be swift to find reasons for not en-
forcing the manifest intention of the legislature. And it is
the business of our courts to ascertain what the intention of
the legislature was, and where the intention is manifest, they
will enforce that intention without reference to what they think
the policy of the law should be; and particularly so in this
State, where the government is divided into the legislative,
executive and judicial departments, and each of these depart-
ments is, by the constitution, prohibited from exercising the
function of any other department. Hence, the primary rule, in

Marquis v. City of Chicago.

the construction of all statutes, is to find what was the intention of the legislature, or as in this case, the city council. Penal statutes will not be extended beyond the plain letter of the law, but if the law is plain it will follow it, whatever the consequences, and words should not be imported into a statute to extend or restrict its scope beyond the plain intent, but are to be so construed as fairly to suppress the mischief and advance the remedy. Sedgwick on Construction of Statutes and Constitution, p. 280, note, and 281; Conkling v. Ridgely & Co., 112 Ill. 36.

GARNETT, J. This is an appeal from a fine of $100, imposed by the Criminal Court of Cook County, on the appellant, for alleged violation of Sec. 1307 of the Revised Ordinances of the City of Chicago.

The ordinance is: "No person or persons shall set up, keep or maintain, or permit to be set up, kept, or maintained, in any house or place within the corporate limits occupied or controlled by him or them, any E. O., A. B. C., rooley pooley, keno or faro table, faro bank, roulette, or other instrument, device or thing for the purpose of gaming, or with which money, liquor, or any thing of value shall in any manner be played for, under the penalty of not less than one hundred dollars for each and every offense."

There was no evidence tending to prove the appellant guilty of keeping or maintaining any of the instruments or devices specifically named in the section, but the proof showed he kept what might be called a lottery or policy shop, and it is so designated by one of the witnesses. For appellee, it is contended that the general words in the ordinance "or other instrument, device or thing for the purpose of gaming," covers the act charged against appellant. That is opposed to the well established rule for the construction of penal statutes, which the Supreme Court of this State has announced in Shirk v. The People, 121 Ill. 61. In that case the indictment was founded on Sec. 107 of the Criminal Code, prescribing a punishment in the penitentiary for making, passing, uttering or publishing, with an intention to defraud any other person, any ficti-

tious bill, note or check, or other instrument of writing for the payment of money or property.

The instrument which Shirk was charged with feloniously uttering, publishing and passing was not a bill, note or check, or of the same class as bills, notes and checks, although it contained, among other things, a written contract to pay money. But the court held the indictment could not be sustained, adhering to the rule that if general words in a penal statute follow an enumeration of particular cases, such general words are held to apply only to cases of the same kind as those which are expressly mentioned.

To the same effect, see City of St. Louis v. Laughlin, 49 Mo. 559; Sandiman v. Breach, 14 E. C. L. 52; Regina v. Reed, 28 E. L. & E. 133.

The punishment under Sec. 1307 of the ordinance being erroneous, the judgment of the Criminal Court is reversed.

*Judgment reversed.*