[Crim. No. 2314.  In Bank.—January 19, 1921.]

## In the Matter of the Application of ELON G. GALUSHA for a Writ of Habeas Corpus.

[1] ATTORNEYS AT LAW — STATUS.—While the adequate protection of public interests, as well as inherent and inseparable peculiarities pertaining to the practice of law, require a more detailed supervision by the state over the conduct of such profession than in the case of almost any other profession or business, such circumstance does not alter the fact that attorneys are not public officers, but are engaged in a private profession pursued primarily for pecuniary profit.

[2] ID.—OCCUPATION TAX UPON PROFESSION — POWER OF STATE — DELEGATION TO MUNICIPALITY.—The state may impose an occupational tax upon persons engaging in the practice of law and may delegate such power to a municipality.

[3] ID.—CITY OF LOS ANGELES—POWER TO IMPOSE LICENSE TAX ON LEGAL PROFESSION — CHARTER.—Under the provision of the charter of the city of Los Angeles conferring upon it the power to license and regulate under general and uniform laws any lawful business or calling, to fix the amount of license tax thereon, and to prescribe the manner of enforcing the same, the city has been delegated the power to impose a license tax upon the business or profession of attorney at law carried on within the city.

PROCEEDING on Habeas Corpus to secure release of attorney at law for violation of occupation tax ordinance. Writ discharged.

The facts are stated in the opinion of the court.

Eugene D. Williams, Benjamin E. Page, Arthur C. Hurt, Hugh M. Bole, J. R. Scott and Eugene Overton for Petitioner.

Irwin W. Widney, City Prosecutor, Charles S. Burnell, City Attorney, and Wm. P. Mealey, Assistant City Attorney, for Respondent.

LENNON, J.—Petitioner was arrested and held in custody under the charge of carrying on the profession of attorney at

2.   Validity of occupational tax on attorneys, note, **Ann. Cas.** 1912A, 599.

law in the city of Los Angeles without paying the license tax imposed upon persons engaged in that profession by section 152 of the ordinance of the said city of Los Angeles, designated as No. 39,600 (new series). In the present proceeding petitioner questions the validity of the tax thus imposed. The only feature of the ordinance attacked is its application to the profession of attorney at law, and the single question presented to this court for determination in this case is whether or not the city of Los Angeles can legally impose a license tax upon the business or profession of attorney at law in so far as that business or profession may be carried on within the said city.

The salient argument advanced in support of the negative of this proposition is that, owing to their peculiar position as officers assisting the courts of the state in the administration of justice, and owing to the supervision which the state is already exercising over these officers, the control of the conditions upon which the profession of attorney at law may be carried on is solely a state affair which cannot be delegated to a municipality. This argument is based upon a misconception of the status of the attorney at law and of the theory upon which the occupational tax is imposed.

[1]   While attorneys are, in one sense, officers of the court, they are in no sense officers of the state nor do they hold a "public" trust. (*Ex parte Yale,* 24 Cal. 241, [85 Am. Dec. 62].)   The adequate protection of public interests, as well as inherent and inseparable peculiarities pertaining to the practice of law, require a more detailed supervision by the state over the conduct of this profession than in the case of almost any other profession or business. This circumstance, however, does not alter the fact that attorneys are not public officers, but are engaged in a private profession pursued primarily for pecuniary profit.   "The manner, terms, and conditions of their admission to practice, and of their continuing in practice, as well as their powers, duties, and privileges, are proper subjects of legislative control to the same extent and subject to the same limitations as in the case of any other profession or business that is created or regulated by statute." (*Ex parte Yale, supra.*)   The weight of authority in this country is to the effect that there is nothing which particularly exempts the attorney from bearing a just share of necessary public burdens, and that, consequently, an

attorney can claim no peculiar exemption from an occupational tax imposed directly by the state for revenue purposes. (*Cousins* v. *State,* 50 Ala. 113, [20 Am. Rep. 290] ; *State* v. *King,* 21 La. Ann. 201; *Simmons* v. *State,* 12 Mo. 268, [49 Am. Dec. 131] ; *Languille* v. *State,* 4 Tex. App. 312.) Apparently the only authority to the contrary is the so-called "Lawyers' Cases" of Tennessee (55 Tenn. (8 Heisk.) 565).

[2] As in the case of other professions or businesses which can be taxed by the state, the cases hold that the state can delegate to a municipality the power to impose a tax for the privilege of following the practice of the profession within the jurisdiction of the municipality. (*Goldthwaite* v. *Montgomery,* 50 Ala. 486; *St. Louis* v. *Sternberg,* 69 Mo. 289, 4 Mo. App. 453; *Wilmington* v. *Macks,* 86 N. C. 88, [41 Am. Rep. 443].) The imposition of an occupational tax by a municipality upon those engaged in the practice of the legal profession is not an interference with state affairs. The mere compliance with certain prerequisites, in return for which a license to practice law is granted by the state, does not place a person beyond the range of additional regulation of the conditions upon which the license may be used. The municipality, in imposing an occupational tax upon attorneys, is not interfering with state regulations, for it is not attempting to prescribe qualifications for attorneys different from or additional to those prescribed by the state. It is merely providing for an increase in its revenue by imposing a tax upon those who, by pursuing their profession within its limits, are deriving benefits from the advantages especially afforded by the city. The tax is levied upon the *business* of practicing law, rather than upon a person because he is an attorney at law. (*Ex parte Johnson* (Cal. App.), 190 Pac. 852.) A license to practice does not carry with it exemption from taxation. The fact that the state has itself imposed no occupational tax upon attorneys is of no consequence. "The omission of the state to tax lawyers does not affect the express power of the city to impose a tax upon them. That power is not thereby abrogated. It is of frequent occurrence that the state omits to impose taxes of this kind, or omits some particular subject of taxation, to which the power of taxation of municipal corporations extends, and no diminution of that power is intended." (*Ex parte Montgomery,* 64 Ala. 463.) We are constrained to conclude, both upon

reason and authority, that the state may impose an occupational tax upon persons engaging in the practice of law and may delegate this power to a municipality.

Petitioner then raises the question as to whether or not such power has, in fact, been delegated to the city of Los Angeles. It must be borne in mind that, as stated in *Matter of Nowak, post,* p. 701, [195 Pac. 402], the city of Los Angeles is operating under a charter amended so as to render the charter a limitation upon powers rather than a grant of powers, so far as municipal affairs are concerned. (Charter of City of Los Angeles, art. I, sec. 2, subd. 51; Const., art. XI, sec. 6.) The question, then, is not whether the charter grants the power to impose the tax, but whether it prohibits the tax, and no such prohibition is to be found in the charter. Even if it be conceded, however, that an express grant of power is necessary in the instant case for the reason that the taxation of attorneys is not a purely municipal affair but one in which the state is directly concerned, that would not defeat the tax in question, for the charter does contain an express grant.

[3] The charter of the city of Los Angeles confers upon it the power "to license and regulate under general and uniform laws, any lawful business or calling; to fix the amount of license tax thereon, and to prescribe the manner of enforcing the same. . . . " In the case of the city of Los Angeles the power "to license and regulate" includes the power to impose a tax for revenue purposes only. The reasons for this interpretation are fully stated in the recent decision in *Matter of Nowak, supra,* and need not be repeated here. The case of *Sonora* v. *Curtin,* 137 Cal. 583, [70 Pac. 674], wherein it was held that the city of Sonora had no power to impose upon attorneys a tax for revenue purposes only, is not in point, for the reason that the city which passed the ordinance in that case was not operating under a freeholders' charter, as is the city of Los Angeles. (*Ex parte Braun,* 141 Cal. 204, [74 Pac. 780]; *Matter of Nowak, supra.*) The grant of a power to tax for revenue purposes "any lawful business or calling" is sufficiently definite to confer the power to tax those practicing the legal profession. The present phraseology of the charter was adopted in 1913. Prior to that time the terms used were "professions, trades, callings, occupations or other business." The amendment of 1913 did

not constitute a restriction; it is equally as broad and comprehensive as the previous wording. The word "business" is defined in the New Standard Dictionary as "1. A pursuit or occupation that employs or requires energy, time and thought; trade; profession; calling." The same dictionary defines "calling" as "Habitual occupation; regular work or duty to which one is called; a vocation in life; profession." Clearly, these terms include those following the professions as well as those engaged in work of a more purely commercial nature. It is true that some cases seem to hold that, in delegating the power to tax attorneys, a state must specifically mention them (*St. Louis* v. *Laughlin,* 49 Mo. 559); on the other hand, it has been held that where a city was authorized in general words to tax "all such callings, trades and employments as the public good may require," a tax might be imposed on the occupation of attorney at law. (*Abraham* v. *City of Roseburg,* 55 Or. 359, [Ann. Cas. 1912A, 597, 105 Pac. 401].) In the absence of constitutional or statutory restrictions, there is no reason for making a particular exception of the legal profession, and where, as in the present case, the wording of the charter is sufficiently broad to include other professions in the delegation of the power to tax, it must also be held to embrace the legal profession.

The tax is valid and the writ is therefore discharged.

Olney, J., Shaw, J., Wilbur, J., Sloane, J., Lawlor, J., and Angellotti, C. J., concurred.