ATTORNEY — LEGISLATOR — RECEIVING COMPENSATION FOR DEFENDING INDIGENT DEFENDANT, APPOINTED BY COURT An attorney member of the Oklahoma Legislature does not violate Article V, Section 18 or Article II, Section 12
Oklahoma Constitution, by accepting appointment as an attorney to represent an indigent defendant accused of crime or charged with a criminal offense in the Courts of the United States of America. Filing a claim and receiving compensation from the United States of America for such legal services would not violate Article V, Section 18 or Article II, Section 12 Oklahoma Constitution for such compensation would not be received as an officer of the United States. The Attorney General has had under consideration your request for an official opinion upon the following questions: "1. Does an attorney member of the Oklahoma State Legislature violate Section 18 of Article V of the Oklahoma Constitution by accepting appointment as an attorney to represent an indigent accused of crime in the Courts of the United States of America? "2. Does an attorney member of the Oklahoma State Legislature violate Article II, Section 12 of the Oklahoma Constitution by accepting appointment as an attorney to represent an indigent charged with a criminal offense in the Courts of the United States of America? "3. Would making a claim for and receiving compensation from the United States of America for such legal services violate either of the above cited Sections of the Oklahoma Constitution ?" Article V, Section 18 and Article II, Section 12 Oklahoma Constitution, respectively provide: "No person shall serve as a member of the Legislature who is, at the time of such service, an officer of the United States or State government, or is receiving compensation as such; nor shall any person be eligible to election to the Legislature, who has been adjudged guilty of a felony." "No member of Congress from this State, or person holding any office of trust or profit under the laws of any other State, or of the United States, shall hold any office of trust or profit under the laws of this State." Without quoting the act at length, 82 Stat. 1115
(18 U.S.C.A. 3006A) provides for a district plan, approved by the judicial council of the circuit, for furnishing representation for indigents by private attorneys, attorneys furnished by a bar association or legal aid agency, or a plan containing a combination of the foregoing. Counsel is to be appointed for all indigent defendants charged with a federal offense except petty offenses. Counsel so appointed shall be for every stage of the proceedings from initial appearance through appeal. Counsel shall be paid $15.00 per hour for time in court and $10.00 per hour out of court, plus reasonable expenses, not to exceed, except in unusual circumstances, the total sum of $500.00 for one or more felonies and $300.00 for one or more misdemeanors. 7 C.J.S., Attorney and Client 4, provides in part: "An attorney does not hold an office or public trust, in the constitutional or statutory sense of that term, but is an officer of the court. . . ." In the case of Ex parte Gelusha, 184 Cal. 697,195 P. 406, the Court said: "1 While attorneys are, in one sense, officers of the court, they are in no sense offices of the state, nor do they hold a 'public' trust. Ex parte Yale, 24 Cal. 241, 85 Am. Dec. 62. The adequate protection of public interests, as well an inherent and inseparable peculiarities pertaining to the practice of law, require a more detailed supervision by the state over the conduct of this profession than in the case of almost any other profession or business. This circumstance, however, does not alter the fact that attorneys are not public officers, but are engaged in a private profession pursued primarily for pecuniary profit. . . ." In the case of Sowers v. Wells,150 Kan. 630, 95 P.2d 281, the Kansas Court, in the first and second paragraph of its syllabus, said: "1. A lawyer engaged in the private practice of the law does not hold a 'public office', and is not a 'public officer'. He holds a license, privilege or franchise, under which he practices his profession as an officer of the court, and his admission to so practice is not an appointment to 'public office', nor does it make him a 'public officer'. "2. The mere fact a lawyer in the course of his private practice represents a client whose claim concerns the public interest, does not constitute the lawyer a 'public officer'." And, in the body of the opinion the Court quoted Mechem on Public Officers in defining a public officer, as follows: ". . . 'the right, authority and duty, created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public."' To the same effect, see In Re Lacy, 234 Mo.App. 71,112 S.W.2d 594; State v. Goldman, 127 Neb. 340, 255 N.W. 42; In Re Hanson, 134 Kan. 165, 5 P.2d 1088. In State ex rel. Pickett v. Truman, 333 Mo. 1018, 64 S.W.2d 105, the Missouri Court held a delinquent tax attorney was not a public officer. And, in State v. Fernandez, 40 N.M. 288,58 P.2d 1197, the Court held a special tax attorney employed by the State Tax Commission was not a public officer. It is therefore the opinion of the Attorney General that your first two questions be answered in the negative. An attorney member of the Oklahoma Legislature does not violate Article V, Section 18 or Article II, Section 12 Oklahoma Constitution, by accepting appointment as an attorney to represent an indigent defendant accused of crime or charged with a criminal offense in the Courts of the United States of America. Filing a claim and receiving compensation from the United States of America for such legal services would not violate Article V, Section 18 or Article II, Section 12 Oklahoma Constitution for such compensation would not be received as an Officer of the United States. Your third question is therefore also answered in the negative. (W. J. Monroe) (ED NOTE: Conflict of Interest)