ALBANY,
January, 1823.

In the Matter
of Oaths
to be taken
by ATTOR-
NEYS and
COUNSEL-
LORS.

## In the Matter of the Oaths to be taken by ATTORNEYS and COUNSELLORS.

The new
Constitution
(art. VI.) has
not abrogated
the provisions
of the *act to
suppress duel-
ling*, which
requires *coun-
sellors, attor-
neys*, and *soli-
citors*, to take
the oath pre-
scribed in that
act, in addition
to the usual
oath of office.

THE clerk being about to administer the oaths to the attorneys and counsellors who had been examined and ad-mitted this term, a question arose, which was submitted to the Court, whether the "act to suppress duelling," passed *November* 5, 1816, (sess. 40. ch. 1.) has been repealed by the sixth article of the new Constitution, so that no other oath, than the one prescribed by the fourth section of the *act concerning counsellors, attorneys, and solicitors*, (sess. 36. ch. 48. 1 *N. R. L.* 416.) for the faithful discharge of the duties of the office, could be required of them.

PLATT, J. The "act to suppress duelling," passed *Novem-ber* 5th, 1816, requires "every member of the senate or of the assembly, and every person who shall be elected or appointed to any office or place, civil or military, except town officers; and every person who shall be admitted a counsellor, attor-ney, or solicitor of the Court of Chancery, Supreme Court,

or Court of Common Pleas," &c. to take an oath that he has not been engaged in a duel, &c.

ALBANY,
January, 1823.

In the Matter of Oaths to be taken by ATTOR-NEYS and COUNSEL-LORS.

The sixth article of the new Constitution of this state, which took effect from and after the last day of *December* last, ordains, that members of the legislature, and all officers, executive and judicial, except such inferior officers as may by law be exempted, shall take and subscribe an oath or affirmation to support the Constitution of the *United States*, and the Constitution of this state, and also faithfully to discharge the duties of his office ; and that " no other oath, declaration, or test, shall be required as a qualification for any *office or public trust.*"

The question now presented, is, whether the new Constitution has repealed the provision of the " act to suppress duelling," in regard to the oath required to be taken by attorneys and counsellors of this Court ? The point is simply, whether an attorney or counsellor holds an *office* or *public trust*, in the sense of the Constitution ? Lexicographers generally define " office" to mean *"public employment ;"* and I apprehend its legal meaning to be an employment on behalf of the government, in any station or public trust, not merely *transient, occasional,* or *incidental.* In common parlance, the term " *office*" has a more general signification. Thus, we say the *office* of *executor*, or *guardian ;* or the *office* of a *friend.* In my judgment, an attorney or counsellor does not hold an *office*, but exercises a *privilege* or *franchise.* As attorneys or counsellors, they perform no duties on behalf of the government; they execute no *public trust.* They enjoy the exclusive privilege of prosecuting and defending suits for clients, who may choose to employ them. Various classes of persons are licensed in the city of *New-York*, with an exclusive privilege in their employment ; yet they are not public officers. *Physicians* are also licensed, pursuant to statutes ; yet they hold no *office* or *public trust,* in legal construction. *Lawyers* are licensed to practice in one of the learned professions, and *physicians* in another ; and there are many regulations by law, for their government, as distinct orders of men in society ; but they are not trustees, nor agents, for the public, any more than persons licensed to carry on the business of banking. The fees of

attorneys are fixed by law; and so is the compensation of *cartmen*, and *bakers*, and *ferrymen*.

In deciding this question, it is of some importance to remark, that the legislature, in framing the " act to suppress duelling," have discriminated between *public officers*, and *attorneys* and *counsellors*.   They provide not only, that " persons elected or appointed to any office or place, civil or military," but that " persons *admitted*" as *counsellors* and *attorneys*, shall also take the oath : Thus, by fair inference, giving an exposition which shows that *lawyers*, in their contemplation, were not *public officers*.

I am, therefore, of opinion, that the new Constitution has not abrogated the provision of the act which required attorneys and counsellors to take this oath.

WOODWORTH, J. concurred.

SPENCER, Ch. J. dissented.