### STATE OF OHIO EX REL. HOSBROOK v. STALEY ET AL.

1. COUNTY SURVEYOR IS AN OFFICER WITHIN THE CONSTITUTION.

If the statute of April 25, 1890, 87 O. L. 295, amending sec. 1166, Rev. Stat., required the commissioners of Hamilton county to appoint the surveyor of said county, then in office, to discharge the duties of the office of county engineer of said county, which office had been established under the provisions of sec. 1002, Rev. Stat., so much thereof is in violation of sec. 27, art. 2, of the Constitution of the state, as being, in effect, an appointment by the general assembly of a particular person to fill such office—the act in question not having abolished the office of county engineer, but only providing that the commissioners should appoint such person to fill the same, discharge the duties and receive the emoluments thereof.

2. ACT IS PROSPECTIVE AND NOT UNCONSTITUTIONAL.

If such provision is prospective only, and is not to take effect or be operative until the commencement of a new term of the county surveyor, it would not be open to such objection, and it being "a rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively," and it being also a rule of the law, that where a statute is open to two constructions, one of which would make it unconstitutional, and the other would not, that it is the duty of the court to adopt that construction which would uphold the law: Held, That such provision in this statute is prospective only, and cannot operate until there is a new term in the office of county surveyor.

Mandamus.

SMITH, J.

On April 25, 1890 (87 O. L., 295), the general assembly passed a law, amending sec. 1166 Rev. Stat. The original section, which was repealed by the act named, related to the appointment of deputies by the county surveyor, and their duties. The amendatory statute contained precisely the same provisions as the old one, but further enacted that in any county containing a city of the first grade of the first class, the county surveyor was authorized, in addition to other appointments then authorized by law, to appoint certain engineers, rod-men, inspectors and a clerk at certain salaries per month therein named, and it prescribed in what manner such salaries should be paid from the county treasury. It further provided "that in any such county the board of county commissioners shall appoint the county surveyor to do all the county work requiring the services of a surveyor or engineer, and for such services said county surveyor shall receive a salary of $250 per month, payable out of the county funds by the county treasurer, on the warrant of the county auditor; and said board of county commissioners shall have no authority to appoint any other person therefor, but all such duties shall devolve upon the county surveyor or his assistants; and the term of office of any person heretofore appointed by the board of county commissioners to any such position shall cease upon the appointment and qualification of their successors under this act." It was to take effect upon its passage.

On October 20, 1890, this proceeding of mandamus was commenced in this court, on the relation of Mr. D. S. Hosbrook (who was the county surveyor of Hamilton county at

the passage of such law, and has been such until the present time), against the defendants, the county commissioners of Hamilton county, averring the passage of such law, and setting it out in full. The petition further set forth that on the enactment of such law, it became the duty of the defendants to appoint the relator to do all the county work requiring the services of a surveyor or engineer, and that Hosbrook had requested them to do so, but that they had failed and refused to comply with such request, for the purpose of keeping in their employment as county engineers and assistant engineers certain other persons theretofore appointed by them. And the petition prays that the defendants be required to comply with the law.

A demurrer was filed to this petition by the defendants on the ground that it did not state facts sufficient to constitute a cause of action against them. And in support of the demurrer it is claimed that the act on which the proceeding is based, if it is to have the meaning and extent claimed for it, contravenes the provisions of two sections of the constitution of the state, and that if it is to have any operation at all, so far as regards the questions in controversy in the case, it can only be when the term of office of the present county surveyor ends, and he or some other person enters on a new term.

The objections to the law, if it is to operate immediately, as urged by counsel for the defendants, are, that by it the general assembly, in effect, undertakes, through the agency of the board of county commissioners, to appoint the person then holding the office of county surveyor to fill the office, discharge the duties and receive the compensation of county engineer, in violation of sec. 27 art. 2 of the constitution, which provides that, "the election and appointment of all officers. and the filling of all vacancies not otherwise provided for by this constitution, or the constitution of the United States, shall be made in such manner as may be directed by law; but no appointing power shall be exercised by the general assembly, except as prescribed in this constitution, and in the election of United States senators." And second, that if now carried out, it will affect the salary, both of the engineer and surveyor then in office, during their existing terms, contrary to the terms of sec. 20, art. 2, which provides that "the general assembly  *  *  *  shall fix the term of office, and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished." Is the statute, in any event, open to these objections, or either of them?

Section 1002 provides that "the board of county commissioners shall employ a county engineer, and may employ two assistant county engineers. and such rodmen and inspectors as the board may deem necessary, at salaries to be fixed by the board, and shall furnish said engineers with all the necessary stationery, instruments and implements, and shall allow to said county engineers, rodmen and inspectors, in addition to their salary so fixed, their reasonable expenses so incurred while engaged in county work."

And it appears from the petition in this cause. that the county commissioners have heretofore appointed such engineers and other officers named in such section, who are now exercising and performing the duties thereof.

The first question for consideration is, whether a person appointed as county engineer, by the county commissioners, under such sec. 1002, is an officer within the meaning of these constitutional provisions; for taking all of sec. 27 together, it would seem that it is the power to appoint any officer that is withdrawn from the general assembly. This sec., 1002 Rev. Stat.. simply gave to the commissioners the right to appoint the engineers, rodmen and inspectors, without in any way pointing out or defining their powers or duties, except as indicated by the names given to such positions, and made no provision for an oath of office— nor do we see anything further in regard thereto, until the passage of the law of April 25, 1890. But Brinkerhoff, J., in announcing the decision of the court in Ohio v. Kennon, 7 O. S. 546, page 556, in giving the meaning of the word "office," apparently approves the definition given by Webster, that it signifies "a particular duty, charge, or trust conferred by public authority and for a public purpose," and that of Platt, J.. in 20 John. 492, as "an employment on behalf of the government in any station or public trust, not merely transient, occasional or incidental." And in the Kennon case the court held that "authority and power relating to the public interests. conferred by statute, and which may

be vested in a board or individuals by election, or by the appointing power of the state, create an office, and that it was not necessary that an oath of office be prescribed." See also Ohio v. Wilson, 29 O. S. 347, and the case of the State v. Rust, 2 Ohio Circ. Dec., 577.

In the light of the holdings in these cases we are of the opinion that a public duty, charge and trust, viz., to perform such engineering work for the county as should be given to him, was conferred by public authority, viz.: by the county commissioners acting under the power expressly given to them by the legislature, on the county engineer, and that he was such an officer as could not be appointed by the direct act of the general assembly—the duties of such officer in view of the provision made as to his salary, not being merely transient, occasional or incidental, but in a sense, and so long as the appointment was in force, being permanent and continuous.

If this be so, the next question is, whether there has been, in effect, an appointment by the general assembly of any person to the office of county engineer. If the statute is to have such a construction it can not stand.

We suppose that no good reason can be shown why the legislature might not have repealed the original sec. 1002, which provided for the appointment of a county engineer, and thereby, or by other proper legislation, have entirely abolished such office. And in such case it might also have enacted that the duties before performed by such officer, should thereafter be performed by some other officer. But the claim of the defendants is, that while this may be so, such are not the facts of this case, but on the contrary, that sec. 1002 is still in force, and the office of county engineer still remains, and the legislature has, through the medium of the board of county commissioners, appointed, or undertook to appoint Mr. Hosbrook to fill that position.

Is sec. 1002 still in force? It is conceded that it has never been expressly repealed, and it has not been done by implication, unless by the act of April 25, 1890. It must be admitted that this statute does provide that the commissioners shall appoint the county surveyor to do all the county work requiring the services of a surveyor or engineer, and fixes the salary at $250 per month, and that the commissioners shall have no authority to appoint any other person therefor, but that all such duties shall devolve upon the county surveyor or his assistants; and if all of the duties of the office of county engineer are taken away, that nothing but the name and the salary agreed to be paid the engineer under section 1002 remains, and a strong presumption would arise that it was intended to abolish the office. But there is language in the law which leads to a different conclusion—for instance, it is stated that "the term of office of any persons heretofore appointed by the board of county commissioners to any such position shall cease upon the appointment and qualification of their successors under this act." This would seem to indicate that the office of county engineer was not abolished on the taking effect of the law, or on the appointment and qualification of the successors of those discharging the duties thereof, but was to continue, and the duties of the office were thereafter to be performed by the county surveyor appointed under the requirements of the act by the county commissioners, and by the assistant engineers, and other subordinate officers to be appointed by the county surveyor. Then the term of office of the county engineer then in office (not the office itself), was to cease, and the duties of such office were to devolve on those appointed. The words "appointment" and "successor" indicate that an existing office is to be filled, and that the person so appointed is the successor of the person who before held such office.

In view therefore of these considerations, and of the settled rule of the law that repeals by implication are not to be favored, and that the first law must stand, unless it is impossible that it should do so, in view of the later law, we are of the opinion that the office of county engineer was not abolished by the act under consideration, and that in substance and effect, if the law is to have

immediate application, it would be an appointment by the legislature, of Mr. Hosbrook, the present county surveyor, to the office of county engineer of Hamilton county, which is contrary to the provisions of the section of the constitution hereinbefore quoted.

But if the statute can be held to be prospective only, that is, to become operative hereafter when another term of the office of county surveyor commences, it would not seem to be open to this objection—for then instead of being a practical designation by the legislature that a specific person should be county engineer, it is merely a provision that the person hereafter elected as county surveyor should also discharge the duties of the office of county engineer, and receive certain compensation therefor. And as stated in Bernier v. Becker, 37 O. S. 74, "it is a rule of construction that a statute should have a prospective operation only, unless its terms show, clearly, a legislative intention that it should operate retrospectively." See also Miller v. Stokely, 5 O. S. 198, and Hays v. Gas Light Co., 29 O. S. 339.

The question involved is not free from difficulty. In view of the character of the political legislation of the past few years, and of the many "ripper bills," as they are called, which have been passed, it may seem probable that it was the intention of the framers of this law, that the present incumbent of the office of surveyor of this county, should also be the county engineer, and hold that office too. But where a statute is open to two constructions, one of which would make it unconstitutional, and the other would not, we understand it to be the duty of the courts to adopt that construction which would uphold the law.

Having reached the conclusion that the law is prospective only, and can not operate until there is a new term in the office of county surveyor, it is unnecessary that we should consider the question whether, if the act is constitutional, and operates on its passage, it is in conflict with the other provision of the constitution hereinbefore referred to, as affecting "the salary of any officer during his existing term, unless the office is abolished." The writ, for the reasons stated, will be refused.

Healy & Brannan and Goss & Cohen, for relators.
Rufus B. Smith and Mr. Burgoyne, for defendants.