ADVISORY OPINION TO GOVERNOR.

1 So. (2nd) 636
En Banc
Opinion Filed April 15, 1941

State of Florida
EXECUTIVE DEPARTMENT
Tallahassee
April 11, 1941

SPESSARD L. HOLLAND
     Governor
  Ralph Davis
 Executive Secretary

      Honorable ARMSTEAD BROWN, Chief Justice
      Honorable J. B. WHITFIELD
      Honorable GLENN TERRELL
      Honorable R. H. BUFORD
      Honorable R. H. CHAPMAN
      Honorable ELWYN THOMAS
      Honorable ALTO ADAMS
      Justices of the Supreme Court

Gentlemen:

   Under Section 13 of Article IV of the Constitution of Florida, I respectfully request your opinion on the question set forth below:

   Chapter 17275, Acts of 1935, Laws of Florida, created a State Planning Board and provided that the Governor may

appoint as members thereon two State officials. I have appointed and desire to commission, Honorable R. A. Gray, Secretary of State, as member of such Planning Board. In order for me to commission him, it is necessary for him to execute the oath of office and qualify as otherwise provided by law.

Will you please advise me if the Secretary of State can legally qualify under such appointment as a member of the State Planning Board, or if under Section 15 of Article XVI of the State Constitution (or any other provision of the State Constitution) he would be prohibited from qualifying and serving on such Planning Board while continuing to hold the office of and exercising the duties of Secretary of State?

Thanking you for giving me an advisory opinion on this question, and with cordial greetings, I remain,

Yours faithfully,

SPESSARD L. HOLLAND, Governor.

SLH :ed

April 15, 1941

Hon. Spessard L. Holland, Governor
Capitol Building,
Tallahassee, Florida.

Sir:

We have your communication under date of April 11, 1941, in which you request an advisory opinion under the provisions of Section 13 of Article IV of our Constitution, stating:

"Chapter 17275, Acts of 1935, Laws of Florida, created a State Planning Board and provided that the Governor may appoint as members thereon two State officials. I have apointed, and desire to commission, Honorable R. A. Gray, Secretary of State, as a member of such Planning Board.

In order for me to commission him, it is necessary for him to execute the oath of office and qualify as otherwise provided by law.

"Will you please advise me if the Secretary of State can legally qualify under such appointment as a member of the State Planning Board, or if under Section 15 of Article XVI of the State Constitution (or any other provision of the State Constitution) he would be prohibited from qualifying and serving on such Planning Board while continuing to hold the office of and exercising the duties of Secretary of State?"

We have considered the provision of Chapter 17275, Acts of 1935, and find that powers and attributes of sovereignty are delegated to or reposed in the State Planning Board thereby created. The Board is charged with certain duties to be performed, the purpose of which is to aid the general welfare of the State and to aid in effectuating economy in the administration thereof. It is authorized to expend public funds appropriated for that purpose in the discharge of its duties, exercising its own discretion in that regard. The terms of office of the members of the Board are fixed by the Act and all members of the Board, except the Chairman of the State Road Department, are required to be appointed by the Governor.

Section 1 of the Act, *inter alia,* provides: "There is hereby created an agency of the State of Florida, to be designated the State Planning Board, hereinafter referred to as the Board, consisting of five members including the Chairman of the State Road Department, and four others, two of whom may be State Officials or employees, and the other two citizen members who shall not otherwise be State Officials or employees, who shall be appointed by the Governor. The Governor shall annually designate one of the said last mentioned citizen members to be Chairman of

the Board to serve as such for a term of one year and until another Chairman is designated. The term of the office of the members who may be State Officials or employees shall expire with the expiration of the term of the Governor."

Under this provision the Act makes the Chairman of the State Road Department a member of the Board and thereby merely imposes certain additional duties on the Chairman of the State Road Department. This may be done by legislative Act. See Whitaker v. Parsons, 80 Fla. 352, 86 Sou. 247. The remaining four members of the Board, however, are required to be appointed by the Governor and the Act attempts to permit the Governor to appoint as members of the Board two State Officials or State employees. This provision does not impose additional duties on any particular State officer or employee and, therefore, the provision does not fall within the purview of our opinion and judgment in the case of Whitaker v. Parsons, *supra,* but contemplates an independent appointment by the Governor, with a separate and distinct oath of office and commission under the statute.

In the case of State *ex rel.* Clyatt v. Hocker, 39 Fla. 477, 22 Sou. 721, 63 Am. St. Rep. 174, we held:

"A person in the service of the government who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature and defined by rules prescribed by government, and not by contract, consisting of the exercise of important public powers, trust or duties, as a part of the regular administration of the government, the place and the duties remaining, though the incumbent dies or is changed; every office in the constitutional meaning of the term implying an authority to exercise some portion of the sovereign power, either in making, executing or administering the laws. A State officer is one who falls within this definition and whose field

for the exercise of his jurisdiction, duties and powers is co-extensive with the limits of the State and extends to every part of it."

Our conclusion is that a member of a State Planning Board whose appointment is required to be made by the Governor in the exercise of his own discretion and choice, is a State officer within the purview of our holding, *supra*.

It, therefore, follows that under the provisions of Section 15 of Article XVI of the State Constitution, which provides, *inter alia,* "and no person shall hold or perform the functions of more than one office under the government of this State at the same time,' neither the Secretary of State nor any other State officer is eligible for appointment as a member of the State Planning Board. That part of the statute above quoted, viz.: "State officials or" may be treated as surplusage and eliminated leaving the Act otherwise valid as to the appointment of members of the Board.

With great respect, we are

Faithfully,

/s/ ARMSTEAD BROWN, Chief Justice

/s/ J. B. WHITFIELD

/s/ RIVERS BUFORD

/s/ R. H. CHAPMAN

/s/ ELWYN THOMAS

/s/ ALTO ADAMS, Justices.

Filed April 15, 1941

*Guyte P. McCord,* Clerk Supreme Court

By: *Ella O'Niell,* Deputy Clerk.