**THE STATE OF FLORIDA**, ex rel. **J. Tom Watson, Attorney General, v. CHARLES T. FRIEND.**

11 So. (2nd) 182                         June Term, 1942
December 18, 1942                        En Banc

*Whitaker, Whitaker & Terrell, Hugh McArthur* and *Gunter Stephenson,* for relator.

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for respondent.

WHITFIELD, J.:

Upon an information filed by the Attorney General of the State, this Court, under Section 5, Article V of the Constitution, issued a writ of quo warranto requiring the respondent to show by what right or warrant of authority of law he claims to exercise the office, franchises, liberties and powers as Harbor Master in and for the Port of Tampa, in Hillsborough County, Florida, within the corporate limits of said City.

Respondent moved to quash the information and the writ upon grounds which need not be stated here.

By the answer the respondent "avers that he is now and has been since the 12th day of February, A. D. 1942, exercising the powers and duties of Harbor Master for the Harbor within the limits of the City of Tampa by virtue of employment by the City of Tampa, through its Mayor."

The attached copy of the "employment" states that the Mayor does "hereby appoint Charles T. Friend to the office or position of Harbor Master of the City of Tampa, subject to

the duties, requirements and provisions of the City Charter and Ordinances of the City of Tampa, and all general and special laws of the State of Florida applicable thereto; said Harbor Master to be also ex-officio the Superintendent of all City docks, wharves and terminals, and shall perform all duties as such. . . ."

The answer further avers "that the authority to make such appointment of the respondent was granted to the City of Tampa by . . . Chapter 7247, Laws of Florida, Special Acts of 1915, and especially by Section 8, paragraph (h), amending section 9, Chapter 6782, Special Acts of 1913, which is here quoted, to-wit:

" 'To appoint after the term of office of the present Harbor Master has expired, the Harbor Master for the Harbor within the limits of the City of Tampa, to fix his salary and provide for the payment thereof; whose duties and powers shall be the same as those prescribed by general law for other harbor masters in the State, and such other powers and duties as may from time to time be prescribed by the Board of Port Commissioners, after the appointment by said Board as aforesaid. No other person shall exercise the duties of harbor master within the corporate limits of the City of Tampa, except the person so appointed by the Board of Port Commissioners. Said harbor master shall be under the exclusive control of said Board.' "

There are other averments in the answer which will be referred to later if it should be necessary to do so. A demurrer to the answer was filed which challenged the legal sufficiency of the answer as a defense to the information. A replication to the answer of respondent was filed. Such pleadings will be hereafter discussed if necessary.

A primary legal question is posed by respondent, viz:

"Is the title to Chapter 7247, Special Acts of 1915, sufficiently broad to embrace the provisions of Section 8 thereof, which empowers the City of Tampa to appoint a Harbor Master for the Harbor within its City Limits?"

Relator presents the question:

"Is the title to Chapter 7247, Laws of Florida, Special Acts of 1915, sufficiently broad, under the requirements of

Section 16, Article III of the Constitution of Florida, to embrace the subject matter of sub-paragraph (h) in Section 8 of said Act, authorizing and empowering the Board of Port Commissioners of the City of Tampa to appoint a Harbor Master for the Harbor within the limits of the City of Tampa and prohibiting the exercise of the duties of Harbor Master within the Harbor of the City of Tampa by any other person excepting the person so appointed by the Board of Port Commissioners?"

Under Chapter 3306, Acts of 1881, the Governor, by and with the consent of the Senate, appointed Harbor Masters with stated authority and duties for the several Ports in this State, no reference being made in the title to municipalities. See Chapter 5223, Acts of 1903; Sec. 3902 (2492) C.G.L., Sec. 313.01 Florida Statutes 1941.

Chapter 3779, Special Acts of 1887, entitled: "An Act to Abolish the Corporation of the Towns of Tampa and North Tampa, to Provide a Municipal Government for the City of Tampa and to Define the Boundaries thereof," established the City of Tampa and authorized the City Council "to license wharves and landing privileges, and to fix and establish a uniform system of wharfage; to establish quaranteen and health regulations for the city and port of Tampa. . . ."

Such statutory provisions had reference to usual municipal authority and functions generally included in statutory provisions for "a municipal government," and did not confer upon the city authority to provide for a Harbor Master for the City or for the Port of Tampa.

Chapter 6782, Special Acts of 1913, is entitled:

"An Act Authorizing and Empowering the City of Tampa to Acquire, Own, Construct, Equip, Control and Lease Docks and Terminals, Including Railroads; to Acquire, Hold and Regulate Property and Franchises for Such Purposes and Kindred and Subsidiary Purposes; to Open, Establish and Extend, by Condemnation or Otherwise, Any Street, Alley or Highway Over or Across Any Railroad Track, Right-of-Way or Land of Any Railroad Company, or Any Other Person, Firm or Corporation; to Widen, Extend or Deepen Any of the Waters, Including Rivers, Within the Limits of the City

of Tampa; to Create a Board of Port Commissioners for Said City of Tampa, and Prescribing the Duties and Powers thereof; and to Authorize the City of Tampa to Levy and Collect a Special Tax to Pay the Expenses of the Officers Herein Created, and the Construction and Maintenance of Docks and Terminals, and Other Improvements Herein Provided for, and to Carry Into Effect the Provisions of This Act."

Chapter 7247, Special Acts of 1915, is entitled:

An Act Amending Sections 1, 2, 3, 4, 6, 7, 8, 9, 14, 15, 16 and 19 of Chapter 6782 of the Laws of 1913, entitled" as above quoted.

Subdivision (h) of Section 8 of Chapter 7247, amended Section 9 of Chapter 6782 by adding to Section 9, Chapter 6782, the following:

"(h) To appoint, after the term of office of the present Harbor Master has expired, the Harbor Master for the Harbor within the limits of the City of Tampa, to fix his salary and provide for the payment thereof; whose duties and powers shall be the same as those prescribed by general law for other harbor masters in the State, and such other powers and duties as may from time to time be prescribed by the Board of Port Commissioners, after the appointment by said Board as aforesaid. No other person shall exercise the duties of harbor master within the corporate limits of the City of Tampa, except the person so appointed by the Board of Port Commissioners. Said harbor master shall be under the exclusive control of said Board."

The words "after the term of office of the present Harbor Master has expired" has relation to the State Harbor Master of the Port of Tampa.

Chapter 7247 amends Chapter 6782, and the title to neither Chapter is sufficiently comprehensive to embrace the subject of the appointment or employment by city authorities of a "Harbor Master for the Harbor within the limits of the City of Tampa, . . . whose duties and powers shall be the same as those prescribed by general law for other harbor masters in the State." Such last quoted subject is not properly connected with, nor germane to, the subject expressed

in the title of either Chapter 6782 or Chapter 7247; therefore the inclusion of subdivision (h) in Section 8 of Chapter 7247 violates Section 16, Article III of the Constitution and such amendment is consequently inoperative, the title of the amending Act being misleading and not covering the amendments in subdivision (h) above quoted. State v. Palmes, 23 Fla. 620, 3 So. 171; Webster v. Powell, 36 Fla. 703, 18 So. 441; State v. Burns, 38 Fla. 367, 21 So. 290; State v. City of Winter Haven, 114 Fla. 199, 154 So. 700.

The title to Chapter 6782 contains the following: "to create a Board of Port Commissioners for said City of Tampa, and prescribing the duties and powers thereof."

Considered with reference to the usual municipal authority stated in the title, the above quoted portion thereof clearly does not indicate a legislative purpose to authorize the appointment of a Harbor Master by municipal authorities to supersede the Harbor Master appointed by the Governor under the general law for the Port of Tampa. Nor is a City Harbor Master provided for in body of Chapter 6782, the authority conferred upon the "Port Commissioners" having relation to municipal government and not to the appointment and duties of Harbor Masters operating under a general State statute.

The title to Chapter 7247 merely indicates a legislative purpose to amend stated sections of Chapter 6782, and the title to 7247 refers to no subject matter except that contained in the specific sections of Chapter 6782, the title to which Chapter 6782 is quoted in the title of the amending Chapter 7247 without any enlargement, express or implied, to indicate a purpose to provide in Chapter 7247 for a City Harbor Master to perform the official functions of a Harbor Master for the Port of Tampa required by a general law to be appointed by the Governor. Subdivision (h) of Section 8, Chapter 7247, which provision amends Section 9 of Chapter 6782, provides that "No other person shall exercise the duties of harbor master within the corporate limits of the City of Tampa except the person appointed by the Board of Port Commissioners," and that "Said harbor master shall be under the exclusive control of said Board."

Such provisions are not embraced within any language used in the title, and are not properly connected with the subject that is expressed in the ttile of either Chapter 6782 or Chapter 7247. Nor does any provision in the title to Chapter 6782 or Chapter 7247 put any one upon inquiry or notice that any matter of the nature of that included in subdivision (h) of Section 8 of Chapter 7247 amending Section 9 of Chapter 6782, might be included in the amending Act. General laws as to Harbor Masters appointed by the Governor for Ports in the State with decisions of the courts thereon, had long been in force in this State, and a valid special law authorizing a municipality to supersede the State authority should be expressly and clearly indicated in the title of such a statute.

Section 2978 (1868) C. G. L. is manifestly not intended to operate in conflict with Sections 3902 (2492) et seq., C. G. L. It does not appear that any statute enacted since Chapter 7247 gives the authority claimed for the city. Only the Legislature has the power to confer governmental authority upon a municipalitiy and such authority may be conferred only by a statute.

Under the law, the authority and duties of a Harbor Master make the incumbents officials. See Winter v. Mack, 142 Fla. 1, 194 So. 225; State v. Hocker, 39 Fla. 477, 22 So. 721, 63 Am. St. Rpts. 174; State v. Sheats, 78 Fla. 583, 83 So. 508; State v. Jones, 79 Fla. 56, 84 So. 84.

No valid statute is shown authorizing the officials of the City of Tampa to appoint the respondent a Harbor Master to perform the duties of a Harbor Master within the limits of the City of Tampa under the laws of this State.

A judgment of ouster will be entered against the respondent upon the pleadings unless the respondent presents a sufficient defense within twenty days.

It is so ordered.

BROWN, C. J., CHAPMAN, and THOMAS, JJ., concur.

BUFORD, and ADAMS, JJ., dissent.

TERRELL, J., not participating.

BUFORD, J., dissenting:

The opinion prepared herein by Mr. Justice WHITFIELD states the issue to be determined.

It is my opinion that the provisions of Sec. 9 of Chapter 6782, Special Acts of 1913, come within the purview of the title to the Act. It is also my opinion that the provision of Chapter 7247, Acts of 1915, amending Sec. 9 of Chapter 6782, supra, by adding paragraph (h) to that Section, is matter properly connected with "the duties of Port Commissioners of the City of Tampa" and does not violate the provisions of Sec. 16 Article III of our Constitution. If this provision could legally have been included in the provisions of Chapter 6782, supra, when it was enacted, then there can be no question that it may be included by subsequent amendment. The Act does not purport to repeal Sec. 4292, R. G. S., 3902 C. G. L., but only provides for the appointment by the Port Commissioners of a Harbor Master to function "within the harbor of the City of Tampa" to carry into effect the provisions of Sec. 21 of Chapter 6782, supra, which is as follows:

"Sec. 21. Full jurisdiction and control is hereby granted and vested in the said Board of Fort Commissioners over any and all wharfs, docks, lands and waters in and adjacent to the City of Tampa to the extent that the same is necessary or proper to carry out and accomplish the objects and purposes of this Act; and the said Board of Port Commissioners is hereby granted power and authority to make, publish, promulgate and enforce by action at law or suit in equity, or other appropriate manner, any rules or orders made by said Board within the jurisdiction and power hereby granted or intended to be granted to said Board."

If the Legislature had amended Sec. 21, supra, using the same language with which Sec. 9 was amended, I doubt that any attack would have been made on the legality of the provision.

It appears to be nowhere contended that any part of Chapter 6782, supra, as enacted in 1913 is unconstitutional or void. The whole act conferred unusual municipal powers on the officers therein created and, therefore, there was, I think, nothing misleading in the amendment here under attack.

I think the information should be quashed and the cause should be dismissed.

ADAMS, J., concurs.