### IN RE: ADVISORY OPINION TO THE GOVERNOR

15 So. (2nd) 765                                          June Term, 1943
November 9, 1943                                               En Banc

SUPREME COURT OF FLORIDA
Rivers Buford, Chief Justice
Tallahassee

| Division A | November, 1943 | Division B |
|---|---|---|
| Justices | | Justices |
| Glenn Terrell | | Armstead Brown |
| Roy H. Chapman | | Elwyn Thomas |
| Alto Adams | | Harold L. Sebring |
| Guyte P. McCord, | | R. S. Williams, |
| Clerk | | Marshal |

Honorable Spessard L. Holland
Tallahassee, Florida

Dear Governor:

We are in receipt of your request for advisory opinion as follows:

"November 3, 1943

"To the Honorable the Chief Justice and
Justices of the Supreme Court of Florida
Tallahassee, Florida

Gentlemen:

"As you know, under Section 13 of Article IV of the Constitution I am authorized to request of you an opinion as to your interpretation of the Constitution upon any question affecting my executive powers and duties and pursuant thereto I do hereby request your opinion on the following matter:

"Under Section 27 of Article III of the Constitution it is provided that the Legislature may provide for the election by the people or the appointment by me of all state and county officers. Pursuant thereto the Legislature at its 1943 session passed Chapter 22263 creating the Civil Service Board of Duval County, Florida and authorizing the Governor to appoint the first members thereof. *It is my desire to appoint a person to said board who is now one of the trustees of the Jacksonville Free Public Library.* I find that the Civil Service Board Act provides:

" 'No member of the board (civil service) shall hold any other office under or be employed in any capacity by the United States, State of Florida or any City or County of the State.'

"It was provided by Ordinance G-100 of the City of Jacksonville that the first trustees of the Jacksonville Free Public Library should be elected by the people in the same manner as City officers. Section 12 of Chapter 7659, Acts of 1917, provided that they should be appointed by the City Commission. Since that time there have been several other Acts passed that affect the powers and duties of this board, more particularly with reference to budgets. I attach hereto a complete compilation of the ordinances and legislative acts affecting the establishment, maintenance and control of the Jacksonville Free Public Library. I have been unable to find in such compilation any provisions relating to compensation of such trustees. Apparently they serve in the capacity of

652

public spirited citizens, called trustees, who are donating their services to the City for the honor of so doing.

"The question presented:

"Is a trustee of the Jacksonville Free Public Library an officer under, or employed in any capacity by the State of Florida, the City of Jacksonville or the County of Duval, and thereby made ineligible to appointment as a member of the Civil Service Board of Duval County?

"With cordial greetings and best wishes, I remain

Yours faithfully,

SLH/sgw
Enclosure

SPESSARD L. HOLLAND,
Governor"

In State, ex rel. Clyatt v. Hocker, 39 Fla. 477, 22 So. 721, this Court applied the following test to distinguish an office and an employment. The term "office" implies a delegation of a portion of the sovereign power to and possession of it by, the person filling the office; a public office being an agency for the State, and the person whose duty it is to perform the agency being a public officer. The term embraces the idea of tenure, duration, emolument, and duties, and has respect to a permanent public trust to be exercised in behalf of government, and not to a merely transient, occasional, or incidental employment. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes perhaps the most decisive difference between an employment and an office, and between an employee and an officer. State, ex rel Holloway v. Sheats, 78 Fla. 583, 83 So. 508; Dade County v. State, 95 Fla. 465, 116 So. 72. Applying this test to a trustee of the Jacksonville Free Public Library we do not think he is an "officer" or "employee" as contemplated by Chapter 22263, Acts of 1943, creating the Civil Service Board of Duval County. In the first place, the Jacksonville Free Public Library is administered by "trustees" designated by the City Commission they receive no compensation and donate their services to the City. Their duties as trustees are not governmental in nature or in any sense those of an employee of the City. The administration of a library

is in no sense governmental; it does not require or contemplate the delegation of any portion of the sovereign power to those (trustees) who administer it; it does not embrace emoluments or duties that are governmental; it has no semblance of a permanent governmental trust to be exercised in behalf of the City nor does it involve the exercise of independent authority of a governmental nature.

You are therefore advised that Thustees of the Jacksonville Free Public Library do nothing more than administer a proprietary function undertaken by the City for the cultural benefit of its citizenry. As such, they are not "officers" or "employees" of the City that would disqualify them for appointment to the Civil Service Board of Duval County as authorized by Chapter 22263, Acts of 1943.

Respectfully yours,

RIVERS BUFORD,
Chief Justice
GLENN TERRELL
ARMSTEAD BROWN
ROY H. CHAPMAN
ELWYN THOMAS
ALTO ADAMS
HAROLD L. SEBRING
Justices